```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNION MUTUAL FUND; IRVING KROOP, DONALD
MERINO, HAROLD BANNER, BERTRAM GELFAND,
and GEORGE MIRANDA, as Trustees and/or
former Trustees of the Union Mutual Fund;
ALLIED WELFARE FUND; LOUIS KAPLAN, GERALD
HERSKOWITZ, BRUCE ROGERS, GEORGE MIRANDA,        05 Civ. 6602 (KMW)
RUDOLPH PASCUCCI, STEPHEN CAMADECO, and                ORDER
ANTHONY GUIGLIANO, as Trustees and/or
former Trustees of the Allied Welfare Fund;
VACATION FRINGE BENEFIT FUND; BRUCE ROGERS,
GERALD HERSKOWITZ, GEORGE MIRANDA, JAMES
CROWLEY and HERMAN WOLFSON, as Trustees
and/or former Trustees of the Vacation Fringe
Benefit Fund,

            Plaintiffs,

    -against-

ULICO CASUALTY COMPANY,

            Defendant.
------------------------------------X
```

WOOD, U.S.D.J.:

Plaintiffs bring this action for declaratory judgment against their insurer, seeking indemnification for the costs of a lawsuit in which they were defendants. Defendant insurer moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the motion to dismiss is GRANTED.

**I. Background**

Plaintiffs are three jointly administered employee labor/management trust funds, and their individual trustees

1

(collectively, "the Funds").[1]  Employers contribute to the Funds, which provide benefits to eligible employees pursuant to a collective bargaining agreement ("CBA") between the employers and the Allied Trades Council and the Teamsters (collectively, "the Union").  In 2005, defendant insurance company Ulico Casualty Company ("Ulico") issued virtually identical Trustee and Fiduciary Liability Insurance Policies to the three funds. It is the scope of coverage under these policies that is disputed in this case.

In May 2004, Duane Reade Inc. and its subsidiaries ("Duane Reade"), a contributing employer to the Funds, commenced an action in Federal District Court against the Funds.  <u>Duane Reade et al., v. Allied Trade Council</u>, No. 04 CV 3542 (Exhibit A to Defendant Ulico Casualty Company's Reply Memorandum of Law in Support of Motion to Dismiss for Failure to State a Claim).  In that action, Duane Reade alleged, under Sections 301 and 302 of the Labor Management Relations Act, that the Funds had breached the CBA by 1)not properly soliciting input from contributing employers, 2)not allowing employers to approve trustee appointments, 3)not providing benefits solely to Duane Reade employees and similarly situated employees.

The Funds defended the Duane Reade lawsuit and turned to Ulico for indemnification.  Upon the filing of Duane Reade's

---

[1]Because this is a motion to dismiss, the Court accepts as true the allegations in the plaintiffs' complaint. <u>See</u> <u>Blue Tree Hotels Investment v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 369 F.3d 212, 217 (2nd Cir. 2004).

Revised Second Amended Complaint, Ulico gave notice via letter to the Funds that coverage had been denied. The Funds then brought the current suit against Ulico, claiming that allegations like those in the Duane Reade lawsuit are covered under the Funds' policies, and that the Funds are entitled to claims expenses and indemnification for any loss resulting from the Duane Reade lawsuit. The action brought by Duane Reade was then dismissed on October 7, 2005 under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Any recovery by plaintiff in this lawsuit therefore would be limited to the cost of litigating the Duane Reade dispute.

Ulico moves to dismiss the Fund's action before this Court for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The standard of review for such motions is well established. As the Second Circuit has recently explained:

> In ruling on the sufficiency of the complaint, we must accept as true the allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. Our review is generally limited to the facts and allegations that are contained in the complaint and in any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits...A dismissal pursuant to Rule 12(b)(6) is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief.

<u>Blue Tree Hotels Investment v. Starwood Hotels & Resorts Worldwide, Inc.</u>, 369 F. 3d 212, 216 (2nd Cir. 2004).

**II. Discussion**

Ulico seeks to dismiss the complaint on two grounds. Ulico argues that: 1)as a matter of law, the Duane Reade allegations do not constitute "wrongful acts" under the terms of the policy, and therefore the policy does not provide indemnification for defense against those allegations; and 2)even if the acts were wrongful, the policy does not cover the time period when the alleged acts took place. Because the Court agrees with Ulico that the allegations do not constitute "wrongful acts", the Court need not, and does not, reach the second argument.[2]

In a dispute over insurance coverage, the insured bears the burden of proving coverage. Morgan Stanley Group Inc. v. New England Ins. Co., 225 F.3d 270, 276 (2nd Cir. 2000). The insurance policies in question cover certain losses to the Funds that result from claims made against the Funds during the policy

---

[2] Additionally, both parties present extensive arguments about the scope of "duty to indemnify" and "duty to defend" insurance policies. The policy in question states "Ulico will advance...claims expenses for claims to which this policy provides coverage" but specifically puts the burden of mounting a defense onto the insured. See Insurance Policies, Exhibits A-C §2, p.1, Affidavit of Jennifer A. Klear in Support of Ulico's Motion to Dismiss.

Plaintiffs argue that under New York law, the contractual obligation to pay defense expenses and the duty to defend are co-extensive. See Bodewes v. Ulico Casualty Company, 336 F. Supp. 2d 263, 271 (W.D.N.Y. 2004) (observing that there is "no relevant difference" under New York law between allegations that trigger a duty to defend and those that trigger the payment of defense expenses).

Ultimately, this issue is irrelevant because neither duty is triggered if the loss is not covered by the insurance policy. "[A]n insurer's duty to defend vanishes once it becomes clear that the claims raised against the insured are not covered by the policy." Cement & Concrete Workers Dist. Council Pension Fund v. Ulico Cas. Co., 387 F.Supp. 2d 175, 190 (E.D.N.Y. 2005). "Here, Ulico has demonstrated . . . as a matter of law, it has no obligation to indemnify the Trustees for any 'Loss' occasioned by a 'Wrongful Act' of an Insured. Accordingly, Ulico no longer is under any obligation to reimburse the plaintiffs for their defense costs, assuming arguendo that it ever was." Id.

4

period. Insurance Policies, Exhibits A-C §2, p.1, Affidavit of Jennifer A. Klear in Support of Ulico's Motion to Dismiss [hereinafter "Policies"]. Specifically, the policies cover any losses resulting from a "wrongful act." A "wrongful act" is given two definitions. The Court addresses each in turn.

### A. Fiduciary Breach

The first definition of "wrongful act" is any breach, error, or omission, actual or alleged, committed "in the discharge of *fiduciary* duties, responsibilities, or obligations" that are imposed by ERISA, COBRA, or American or foreign common or statutory law. See Policies at §IX.C, p.8 and IX.U, p.9 (emphasis added).

Plaintiffs argue that the claims against the Funds were within this first definition of "wrongful act." Specifically, plaintiffs urge that the policies, which expressly incorporate coverage for the breach of fiduciary duties under the common law, extend to cover claims brought against the fund for violation of duties imposed by the underlying trust documents. See Policies at §U(1). Thus, in plaintiffs' view, a violation of a CBA obligation is a fiduciary violation under the common law. However, plaintiffs offer no real support for this position.

The only case cited by plaintiffs, Varity Corp. v. Howe, 516 U.S. 489 (1996), involved a class of employees who were transferred from one subsidiary of a corporation to another, and

subsequently had their employee benefits discontinued. They sued their employer, claiming breach of a fiduciary duty in violation of ERISA. Id. at 492. The Supreme Court agreed, holding that the employers were acting as ERISA fiduciaries when they misled the employees about their benefits. Id. at 502. Varity is readily distinguishable from the case at hand. The legal obligations of the defendants in Varity were to the trust beneficiaries and thus were deemed encompassed within the trustee's fiduciary duties.

Here, in contrast, the obligations between the funds and Duane Reade were essentially contractual, involving a breach of the CBA under the Labor Management Relations Act. These contractual claims are separate and distinct from any sort of claim that the Funds violated legally imposed fiduciary duties. The Duane Reade complaint expressly acknowledges such a distinction, stating that because "the Funds owe no fiduciary duty to plaintiffs under ERISA or federal labor law, plaintiffs do not have standing to assert fiduciary breaches" and explicitly characterizes the claims against the Funds as contractual breaches, not fiduciary violations. See Klear Affidavit, Exhibit D, p. 36, n. 34.

The Funds acknowledged in their own response to the Duane Reade complaint that the Court's review was limited to violations of the LMRA and agreed with Duane Reade that the underlying claim

could not be construed as "a breach of fiduciary duty suit" because "Duane Reade...does not have standing to bring an ERISA breach of fiduciary duty claim." See Klear Affidavit, Exhibit F, p. 21 (Funds' Memorandum of Law in Support of Motion to Dismiss).

    B. Negligent Administration

In addition to covering breaches of fiduciary duties, the policies provide coverage for negligence in administration of the trust. See Policies, §IX(U)(2) at p. 10. The allegations by Duane Reade do not fall within this category of coverage either. The language of the policies provides coverage only for errors in the administration of "handling the records, effecting enrollment, and termination or cancellation of employees or participants with respect to benefits under a trust or plan". See Policies, §IX(A), p. 8. Duane Reade's claim cannot be read as alleging any such negligence.

**III. Conclusion**

The policy in question covers alleged breaches of fiduciary duties to the individual employees who benefit from the Fund and negligent administration of the fund; it does not reach the funds' obligations to the contributing employers which are contractual, arise from the collective bargaining agreement, are not otherwise legally imposed, and which both parties in the underlying suit have conceded are not fiduciary in nature.

The motion to dismiss is granted because the claims made by

Duane Reade in the underlying lawsuit fall outside of the scope of "wrongful acts" covered by the insurance policy in question. The Clerk of Court is directed to close the case; any pending motions are now moot.

SO ORDERED

DATED: New York, New York

3-1-06

/s/ Kimba M. Wood

Kimba M. Wood

United States District Judge